UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sergey Koffman,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 05-11597-MLW |

**DEFENDANTS' ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF MANDAMUS
AND PETITION FOR HEARING ON NATURALIZATION APPLICATION
AND
DEFENDANTS' OPPOSITION
<u>TO PLAINTIFF'S REQUEST FOR NOTICE OF DEFAULT JUDGMENT</u>**

Defendants, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* ("defendants" or "government"), by and through their attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Anton P. Giedt, Assistant United States Attorney, hereby file the following Answer to plaintiff's Original Complaint for Writ in the Nature of Mandamus and Petition for Hearing on Naturalization Application, and Opposition to plaintiffs' Request for Notice of Default Judgment.

**Defendants' Answer to Plaintiffs' Complaint for Writ in the Nature of Mandamus
<u>and Petition for Hearing on Naturalization Application</u>**

In response to the numbered paragraphs of plaintiffs' Complaint, defendants respond as follows:

1. The allegations in this paragraph include conclusions of law and a statement describing the remedy sought by the plaintiff, to which no response is required. To the extent a

response is required, such allegations are denied.

## Parties

2. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

3. Admitted.

4. Admitted.

5. Admitted.

## Jurisdiction

6. The allegations of this paragraph are conclusions of law to which no response is required and. To the extent a response is required, such allegations are denied.

## Venue

7. The allegations of this paragraph are conclusions of law to which no response is required and. To the extent a response is required, such allegations are denied.

## Exhaustion of Remedies

8. Denied.

## Cause of Action

9. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

11. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

12. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

13. Denied.

13. Denied (paragraph numbering error in Complaint).

14. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

15. The allegations of this paragraph are conclusions of law to which no response is required and. To the extent a response is required, such allegations are denied.

16. Defendants have insufficient information to confirm or deny the allegations. To the extent a response is required, such allegations are denied.

## Prayer

17. This is a statement describing the remedy and relief sought by the plaintiffs, to which no response is required. To the extent a response is required, such allegations are denied and any requested relief should not be granted, and the action should be dismissed for lack of subject matter jurisdiction.

## Affirmative Defenses

1. The Court lacks subject matter jurisdiction over this matter. See Danilov v. Aguire, et al., 370 F.Supp.2d 441 (E.D. Va. 2005).

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust his administrative remedies.

**Opposition to Plaintiif's Request for Notice of Default Judgment**

With respect to plaintiff's Request for Notice of Default Judgment (Docket No.: 5), the defendants oppose the motion on the following grounds:

1. Since August, 2005, soon after the plaintiff filed his Complaint, the United States Citizenship and Immigration Service ("USCIS") has been working on the plaintiff's naturalization application, which has involved conferring with the Federal Bureau of Investigation and completing the applicant's security and background check as required under applicable law.  See 8 C.F.R. § 335.2.  Due to an error in communications between USCIS and the United States Attorney's Office on the timing of a response the government's response to plaintiffs' Complaint was delayed.

2. Upon learning of plaintiff's filing of his Request for Notice of Default Judgment, defendants' counsel contacted plaintiff's counsel and apprised him of the USCIS's efforts to process the plaintiff's application.  Pursuant to that conference, and several subsequent conferences to discuss the progress being made, plaintiff's counsel has executed three consecutive stays of any action on his pleadings up to January 16, 2005.  Docket Nos.: 7, 8; Exhibit B.

3. The USCIS received the results of the plaintiff's national security check on December 9, 2005, and is in the process of reviewing those results.  See Exhibit A, Declaration of Gregory B. Smith, Regional Director, USCIS, at ¶ 8.  The USCIS has determined that further inquiry and an interview of the plaintiff will be required.  Id.

4. The USCIS is in the process of completing its review of the plaintiff's naturalization application within the scope of its statutory authority, See Danilov v. Aguire, et al., 370

       F.Supp.2d 441 (E.D. Va. 2005), and anticipates that by Monday, December 19, 2005, being able to set a time frame for adjudication of the plaintiff's application for naturalization. See Exhibit A, Declaration of Gregory B. Smith, Regional Director, USCIS, at ¶ 8.

5. The government has provided the Answer set forth above.

6. Plaintiff 's counsel failed to confer with Defendants' counsel prior to filing his Request for Notice of Default Judgment (Docket No.: 5) as required under Local Rule 7.1(A)(2).

7. Under Fed. R. Civ. P 55(e), no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court. As explained above, the government is in the process of completing its review of the plaintiff's naturalization application within the scope of its statutory authority, See Danilov v. Aguire, et al., 370 F.Supp.2d 441 (E.D. Va. 2005), and has also answered the Complaint with this filing.

8. Plaintiffs' Request for Notice of Default Judgment was filed without conferring with the government as required, and is based on the government's failure to plead or otherwise defend against the Complaint. The government has now answered the plaintiff's complaint and asserted a jurisdictional bar to the plaintiff's pleadings. As such, the plaintiff has not established a claim or a right to the relief requested and there is no satisfactory basis for granting such relief.

For the foregoing reasons the defendants oppose the plaintiff's Request for Notice of Default Judgment and respectfully request that the Court deny the Plaintiffs' Request.

                                      Respectfully submitted,

                                      UNITED STATES OF AMERICA

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:    /s/ Anton P. Giedt 12/19/05
          Anton P. Giedt
          Assistant U.S. Attorneys
          1 Courthouse Way
          Boston, MA 02210
          617-748-3309 (Voice)
          617-748-3967 (Fax)
          anton.giedt@usdoj.gov

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                   Boston, Massachusetts
                                                                            DATE: December 19, 2005

    I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiffs' counsel of record by electronic filing.

                                                             /s/ Anton P. Giedt
                                                            Anton P. Giedt
                                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sergey Koffman,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

Civil Action No. 05-11597-MLW

DEFENDANTS' ANSWER
TO PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF MANDAMUS
AND PETITION FOR HEARING ON NATURALIZATION APPLICATION
AND
OPPOSITION TO PLAINTIFF'S REQUEST FOR NOTICE OF DEFAULT JUDGMENT

# EXHIBIT A

## DECLARATION OF GREGORY B. SMITH
## REGIONAL DIRECTOR
## U. S. CITIZENSHIP AND IMMIGRATION SERVICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sergey V. Kofman

<u>Plaintiff</u>

    VS                         Case No. 05-11597 MLW

Michael Chertoff
Secretary of Homeland Security
Department of Homeland Security
United States Citizenship and Immigration Services

and

Denis Riordan, District Director,
United States Citizenship and
Immigration Services

<u>Defendants</u>

I, Gregory B. Smith, Regional Director, pursuant to 28 U.S.C. Section 1746 make the following declaration:

1. I am currently the Eastern Regional Director for the United States Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS). In my duties, I oversee fourteen districts within the Region, including the Boston District Office, located in Boston, Massachusetts.

2. I have been employed by USCIS and the former Immigration and Naturalization Service for approximately 20 years. I have served in my current position, Eastern Regional Director, since August 2004.

3. My duties include the supervision of District Directors who in turn supervise adjudicators who conduct naturalization interviews and adjudicate naturalization applications.

4. The subject matter of this declaration involves my official duties as the Regional Director overseeing the Boston District Office.

5. In my capacity as Regional Director and based on reasonable inquiry and my knowledge, information and belief, I declare the following:

6. When a person applies to USCIS for naturalization, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that she or he is not a risk to national security or public safety. In addition to record checks against DHS' own immigration systems, other background checks currently conducted include the Federal Bureau of Investigation (FBI) fingerprint check for relevant criminal history records on the alien (e.g. arrests and convictions) as well as a check against the DHS-managed Interagency Border Inspection System (IBIS), that contains records and watch list information from more than twenty federal law enforcement and intelligence agencies. IBIS includes, but is not limited to, information related to person who are wanted or under investigation for serious crimes or suspected of terrorism-relating activity. USCIS also completes a national security check, run against databases containing information that is not necessarily revealed through the FBI fingerprint or IBIS check.

7. An applicant for naturalization begins the process by submitting an N-400 application to a USCIS Service Center. After the fee is received, a prima facie review for eligibility is conducted, and basic information is entered into the CLAIMS 4 database. At such processing time, the security check process is initiated and the applicant's file is retrieved. The applicant is also requested to appear for an interview at the local USCIS office. A District Adjudications Officer (DAO) conducts the interview to determine whether or not the applicant meets the eligibility requirements for naturalization, which include the ability to speak, read and write in English; demonstration of knowledge of the history and government of the United States; required period of residence and physical presence; good moral character; and attachment to the Constitution and a favorable disposition toward the good order and happiness of the United States. All background checks must be completed before a decision is rendered on the application. Applicants must meet all eligibility requirements up to the time of naturalization. An applicant becomes a citizen of the United States when he or she is administered the oath of allegiance.

8. USCIS received the results of the national security check relating to Mr. Kofman on December 9, 2005. The information received is being reviewed at this time to determine if Mr. Kofman is eligible for naturalization. The information received requires further inquiry and review and USCIS has determined that an interview of Mr. Kofman is required. USCIS anticipates that by Monday, December 19, 2005, it will be in a position to set a date on which to interview the applicant, Mr. Kofman, and to set a time frame for adjudication of his application for naturalization.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on the 16th day of December, 2005

_____
Gregory B. Smith
Regional Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
South Burlington, VT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sergey Koffman,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

Civil Action No. 05-11597-MLW

DEFENDANTS' ANSWER
TO PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF MANDAMUS
AND PETITION FOR HEARING ON NATURALIZATION APPLICATION
AND
OPPOSITION TO PLAINTIFF'S REQUEST FOR NOTICE OF DEFAULT JUDGMENT

# EXHIBIT B

## PLAINTIFF'S LETTER AUTHORIZING STAY
## DECEMBER 15, 2005

# BORIS B. MAIDEN
## ATTORNEY AT LAW

251 HARVARD STREET   SUITE 1   BROOKLINE MA 02446

BORIS B. MAIDEN*  
KEVIN P. KEEFE  
GREGORY ROMANOVSKY**

PHONE: (617) 739-6977  
FAX:   (617) 739-6774

OF COUNSEL  
KENNETH J. GOLDBERG

*Also admitted in NY  
**Member of American Immigration Lawyers Association

December 15, 2005

United States District Court  
District of Massachusetts  
Attn: Kathleen Boyce (Clerk's Office)  
1 Courthouse Way – Suite 2300  
Boston, MA 02210

**Re:**   Docket No.   05 11597 (JUDGE WOLF)

Dear Ms. Boyce:

Per my telephone conversation with the U.S. Attorney's Office yesterday, the Plaintiffs in the above-referenced cases, through the undersigned counsel, agree to a 30-day stay on the issuance of default against the Defendants.

If you have any questions, or require additional information, please give me a call

Respectfully yours,

Gregory Romanovsky

−2−                                           DECEMBER 15, 2005

## CERTIFICATE OF SERVICE

I, Gregory Romanovsky, attorney for the Plaintiffs, Sergey V. Kofman, hereby certify that on this 15th day of December, 2005, I have caused true and accurate copies of the foregoing letter, to be mailed to the following defendants:

Mr. Henry Henley (for Denis Riordan)
U.S. Citizenship & Immigration Services
JFK Federal Building, Room 425
15 Sudbury Street
Boston, MA 02203

Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Eduardo Aguirre, Jr. / Robert Divine, Director
U.S. Citizenship & Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

U.S. Attorney's Office
Attn: Rayford Farquhar/Anton Giedt
U.S. District Court, District of Massachusetts
1 Courthouse Way, Ste. 9200
Boston, MA 02210

_____
Gregory Romanovsky